misled by the appearance of the side of it exhibited into a belief of its genuineness. In such a case the counterfeiter may have purposely made or left the resemblance on the side which it is intended not to exhibit, incomplete or imperfect, for the mere purpose of evading the proof of his guilty design, which would otherwise have been more manifest. For cases of this description, a specific definition of the similitude required by the statute may be given by stating, as I do, that when the purpose and act are otherwise guilty, within the statute, the similitude suffices, if, according to the mode of use apparently designed, the piece would have had a probable tendency to mislead persons whom it might be intended in this manner to defraud into a belief of its genuineness. The jury will consider this point of the similitude, first independently of the question whether the piece was actually passed or uttered with a guilty purpose. If they find that it had, according to this definition, the required similitude, they will next inquire whether it was passed or uttered with a guilty purpose. On this latter point there is no dispute as to the law. It is left, upon the testimony, to the jury, who will keep the two questions distinct, giving to the defendant the benefit of any reasonable doubt as to the facts.

The jury, after being out for some time, came into court, and asked the question: "Can a piece of metal be a counterfeit of the United States coin without the impression of the genuine coin, or the denomination?"

THE COURT answered: "If the question is as to the omission of a portion of the devices and legends required by the act of congress, such as an omission of the inscription 'United States of America,' or of the words 'One Dollar,' I answer that such omission does not prevent the jury from lawfully finding a verdict of guilty, if they believe that the piece, first, had such a tendency to deceive as has been already defined in the charge of the court; and, secondly, was passed or altered with a guilty intent, as has also been explained in the charge."

The jury retired, and soon afterwards returned with a verdict of guilty.

=====

## Case No. 14,643.

UNITED STATES v. BRICKFORD.

[See Case No. 14,591.]

=====

## Case No. 14,644.

UNITED STATES v. BRIDGES.

[10 Cent. Law J. 7;[1] 27 Pittsb. Leg. J. 152.] Circuit Court, N D. Alabama. Oct. Term. 1879.

TRIAL—CRIMINAL PROCEDURE—SEALED VERDICT —POLLING JURY.

Where a defendant in a criminal case agrees to a sealed verdict and the jury deliver their verdict finding him guilty to the clerk of the court and

[1] [Reprinted by permission.]

then separate, the defendant has no right to have the jury polled when the verdict is read.

[Cited in Doyle .. U. S., 10 Fed. 272.]

The defendant was indicted for perjury. After the court had charged the jury, it then being night, one of the defendant's counsel said that the jury might bring in a "sealed verdict." The judge presiding said that the court would not immediately adjourn. After a short interval, the jury not having returned their verdict, the judge left the court house. That night about two o'clock, the jury delivered a sealed verdict to the clerk of the court, and separated. The court was opened the next morning at ten o'clock. The jury all being present, the verdict, signed by the foreman of the jury, was opened and read in the presence of the defendant: "We, the jury, find the defendant guilty as charged in the indictment." One of the attorneys representing the defendant immediately rose and said: "May it please the court, I move that the jury be polled." The court, Bruce, J., presiding, overruled the motion to poll the jury, for the reason that the defendant by his counsel had agreed to a sealed verdict, and that the jury had filed their sealed verdict with the clerk, and had separated. At a subsequent day of the term, the defendant moved for a new trial, alleging as one ground that he had been denied the right to poll the jury.

Walker & Shelby, for the motion, cited: 1 Bish. Cr. Proc. § 830; U. S. v. Potter [Case No. 16,078]; Fox v. Smith, 3 Cow. 23; Sargent v. State, 11 Ohio, 472; State v. Hughes, 2 Ala. 102; Brister v. State, 26 Ala. 132.

Charles E. Meyer, contra, cited: 1 Bish. Cr. Proc. § 830; Com. v. Roby, 12 Pick. 496; State v. Wise, 7 Rich. Law, 412; Cook v. State, 60 Ala. 39.

BRUCE, District Judge, in an oral opinion, commented upon the cases cited by defendant's counsel, distinguishing them from the case at bar, and overruling the motion for a new trial. He adhered to the former ruling, that where a defendant agrees to a sealed verdict, and the jury find him guilty, and deliver the verdict sealed to the clerk of the court and separate, the defendant has waived his right to have the jury polled when the verdict is read.

=====

## Case No. 14,645.

UNITED STATES v. BRIDGMAN et al.

[9 Biss. 221; 8 Am. Law Rec. 541; 12 Chi. Leg. News, 133; 9 Reporter, 74.][1]

Circuit Court. E. D. Wisconsin. Dec.. 1879.

WRIT—SERVICE OF—PRIVILEGE—COMPULSORY APPEARANCE.

A citizen of Massachusetts was indicted in the federal court of Wisconsin. Under an arrange-

[1] [Reported by Josiah H. Bissell. Esq., and here reprinted by permission. 9 Reporter, 74, and 8 Am. Law Rec. 541, contain only partial reports.]